IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ROY LEE MARSHALL, ET AL.                                    PLAINTIFFS

vs.                         CASE NO. **3:04CV00249JMM**

CITY OF OSCEOLA                                             DEFENDANT

## ORDER

     Pending before the Court are several motions pertaining to the settlement of this action.  Eleven plaintiffs, who are present or former employees of the City of Osceola's Street and Sanitation Department, filed this action alleging that defendant discriminated against them on the basis of their race, African-American, and retaliated against them with regard to a number of employment practices including promotion, pay, discipline and discharge.  They also contend that defendant violated the Fair Labor Standards Act (FLSA) by failing to pay them overtime and denying them breaks.

     On April 17, 2007, Magistrate Judge H. David Young held a settlement conference. Nine of the eleven plaintiffs attended.  The parties reached a settlement, and plaintiffs' counsel was directed to provide information concerning the two plaintiffs, Juan Williams and Dave Gray,  who were not present at the conference.[1]

     Plaintiffs have filed a motion to approve the settlement reached on April 17th, requesting that the claims of the nine plaintiffs be dismissed with prejudice.    Plaintiffs seek to dismiss plaintiffs Gray and Williams without prejudice.  Defendant objects to the dismissal of Gray and Williams without prejudice and requests that they be dismissed with prejudice.

     Plaintiffs' counsel states that Gray was served with the Court Order regarding the settlement conference.  On the date of the settlement conference, Gray contacted plaintiffs' counsel to state that he did not wish to participate in the lawsuit.  During the

---

[1]*See* Docket Entry No. 88.

-1-

settlement conference, Judge Young spoke with Gray who indicated that he did not wish to pursue his claims.

Plaintiffs also request that the claims of Williams be dismissed without prejudice. Williams has signed a document stating that he does not want to be involved in this case and asks that he be dismissed as a plaintiff, foregoing all privileges, responsibilities and rights in this action.[2]

Defendant has  filed a motion to enforce the settlement agreement.  It states that settlement agreements have been drafted and checks have been issued payable to each of the nine plaintiffs.  However, the Arkansas Office of Child Support Enforcement ("OCSE") has filed Notice of Lien in the amount of $23,067.93, claiming entitlement to settlement proceeds to be paid to plaintiff Roy Lee Marshall. Marshall has filed a *pro se* objection to the lien.  Additionally, Marshall's counsel requests that its attorney lien be given priority over the OCSE lien.  Counsel states that Marshall does not object to the attorney's lien.

Because of the existence of two liens, defendant has issued two separate checks, one payable to the OCSE and one to the Rogers Law Firm.  As it might be subjected to multiple liability, defendant asks to pay the Marshall's settlement proceeds to the Registry of the Court

The Court sees no reason to delay approval of the settlement.  The dispute concerning the liens is collateral to the overall settlement of this action and can be determined by separate Order.  The settlement proceeds to Marshall should be placed in the Registry of the Court pending resolution of priority of the liens.  The Court is further persuaded that the claims of Gray and Williams should be dismissed with prejudice.  Both were aware of the settlement conference; both voluntarily decided not to be part of the settlement; both have indicated that they do not wish to pursue their claims against defendant.

Thus, plaintiffs' motion and amended motion to dismiss and non-suit separate

---

[2]*See* Exhibit 1, Docket Entry No. 94.

plaintiff Gray (docket entry nos. 91 and 92) are denied; plaintiffs' motion to dismiss and non-suit separate plaintiff Juan Williams (docket entry no. 94) is denied; defendant's motions to dismiss plaintiffs Gray and Williams with prejudice (docket entry no. 89) is granted; plaintiffs' motion to approve settlement (docket entry no. 95) and defendant's motion to enforce the settlement agreement (docket entry no. 97) are granted.   The claims of all plaintiffs are hereby dismissed with prejudice.   The Court will retain jurisdiction to resolve the issue of who is entitled to Marshall's settlement proceeds. Defendant is directed to place the settlement proceeds due Marshall into the Registry of the Court.  The OCSE is directed to respond to the motion to enforce the attorney lien filed by counsel for Marshall within ten calendar days of this Order.  All pending motions, except the motion to enforce/assert attorney lien (docket entry no. 101) are denied as moot.  The Clerk is directed to provide a copy of this Order to Melinda Stringer Warren, attorney for the OCSE.

IT IS SO ORDERED this __8__ day of May,  2007.

_____
UNITED STATES DISTRICT JUDGE